UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMY BRADLEY                                   CIVIL ACTION

VERSUS                                              NO. 25-1326

CHILDREN'S HOSPITAL                    SECTION "R" (1)

## ORDER AND REASONS

Before the Court is defendant Children's Hospital's partial motion to dismiss for failure to state a claim upon which relief can be granted.[1]  Plaintiff Amy Bradley did not respond directly to the motion, instead filing a First Amended Complaint.[2]  Children's Hospital amended the motion to dismiss to address the Amended Complaint.[3]  Bradley opposed the amended motion to dismiss.[4]  For the following reasons, the Court grants defendant's motion.

## I.    BACKGROUND

In her complaint, Bradley alleges that she was born in 1965 and began working for Children's Hospital in 1996.[5]  Over the next twenty years, she allegedly served in various roles as a staff nurse and charge nurse in the

---

[1]    R. Doc. 3.
[2]    R. Doc. 5.
[3]    R. Doc. 7.
[4]    R. Doc. 10.
[5]    R. Doc. 1, at 7.

1

pediatric intensive care unit and the emergency room.[6]  Bradley alleges that she applied for the clinical lead position for the Children's Hospital Emergency Room in Metairie in March 2023.[7]  Bradley alleges that despite being highly qualified and having over twenty-five years of nursing experience, the lead position was awarded to a nurse with only six to eight years of nursing experience and no clinical lead experience.[8]  After the selection of the other nurse, Bradley spoke to her supervisor, who allegedly told Bradley that the panel's selection was unanimous.[9]  Bradley alleges that she later learned that the panel members did not make a final selection and instead merely "highlighted qualities," contradicting the information she received from her supervisor.[10]

In March 2024, the nurse to whom the lead position had been awarded allegedly vacated the position.[11]  Bradley avers that she informed her supervisor that she was interested in the position, and her supervisor said the position would remain vacant.[12]  The complaint alleges that shortly

---

[6]     *Id.* at 2-4.
[7]     R. Doc. 1, at 5.
[8]     *Id.*
[9]     R. Doc. 5, at 5.
[10]    *Id.*
[11]    *Id.*
[12]    *Id.*

thereafter, a young nurse with significantly less experience as a charge nurse than Bradley received the promotion.[13]

Bradley filed a Charge of Discrimination against Children's Hospital with the Equal Employment Opportunity Commission (EEOC) on January 23, 2025.[14] The EEOC dismissed the charge and confirmed Bradley's right to sue on March 31, 2025.

On June 27, 2025, Bradley filed a complaint against Children's Hospital in this Court for a violation of the Age Discrimination in Employment Act of 1967 (ADEA).[15] Bradley demanded a declaratory judgment; damages including back pay, front pay, liquidated damages, and punitive damages; pre- and post-judgment interest; costs and disbursements from the action; and compensatory and punitive damages for emotional distress, humiliation, embarrassment, and anguish.[16]

---

[13]    *Id.* at 6.

[14]    *Id.* at 9. Children's Hospital asserts that Bradley filed the Charge of Discrimination on December 12, 2024. R. Doc. 3-1, at 3. A discrimination charge is considered "filed" on the date that the EEOC receives the charge, not the date that the charge is signed or mailed. *Taylor v. Gen. Telephone Co. of the Southwest*, 759 F.2d 437, 441-42 (5th Cir. 1985). The December 12, 2024 date is when Bradley signed the charge. R. Doc. 1-3, at 1. There is no further information provided as to the date the EEOC received the charge.

[15]    *Id.* at 6.

[16]    *Id.* at 10-11.

Children's Hospital moved to partially dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[17]    Bradley then filed a First Amended Complaint that requested equitable tolling of the EEOC filing deadline and withdrew the claims for compensatory and punitive damages.[18]   Children's Hospital then amended the partial motion to dismiss, addressing the equitable tolling argument.[19]

The Court considers the motion below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir.

---

[17]    R. Doc. 3.
[18]    R. Doc. 5.
[19]    R. Doc. 7.

2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007). Dismissal under Rule 12(b)(6) is appropriate when it is evident from the pleadings that the action is barred by the statute of limitations and there is no basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## III. DISCUSSION

In Louisiana, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. *Janmeja v.*

*Bd. of Sup'rs of La. State Univ. & Agric. & Mech. College*, 96 F. App'x 212, 214 (5th Cir. 2004); 42 U.S.C. § 2000e-5(e)(1). Promotion denials are discrete acts that trigger separate EEOC filing periods. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Here, Bradley asserts that she filed the charge with the EEOC on January 23, 2025. Accordingly, any claims based on discrete acts that occurred 300 days before January 23, 2025, *i.e.*, before March 9, 2024, would be time-barred. Children's Hospital moves to dismiss Bradley's March 2023 promotion denial claims as time-barred.[20]

Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but rather a requirement, like a statute of limitations, that is subject to waiver, estoppel, and equitable tolling. *Taylor v. United Parcel Serv. Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). Equitable tolling is to be applied "sparingly." *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The plaintiff has the burden of justifying equitable tolling. *Id.*

Bradley asserts that the Court should equitably toll the 300-day filing period.[21] The Fifth Circuit applies equitable tolling to the limitation period on filing a charge of employment discrimination. *Manning*, 332 F.3d 874,

---

[20]    R. Doc. 3-1, at 3.
[21]    R. Doc. 5, at 7.

880 (5th Cir. 2003).   The Fifth Circuit has held that there are at least three bases for equitable tolling in cases involving the EEOC: (1) pending a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of facts giving rise to the claim because of defendant's intentional concealment; or (3) the EEOC misleading the plaintiff about the nature of her rights.   *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (noting that there may be other bases that warrant equitable tolling).

Bradley asserts the second ground here.   Bradley alleges that her supervisor actively misled her about the March 2023 promotion process.[22] Bradley pleads that defendant's "misrepresentation and concealment of the true facts of the promotion process" prevented her "from discovering that age discrimination was a likely cause of the denial."[23] Bradley alleges that her supervisor led her to believe that a selection panel unanimously recommended a different nurse, which prevented Bradley from understanding the discriminatory action behind the failure to promote her.[24]

These pleadings do not plausibly allege facts sufficient for equitable tolling at this stage.   Here, Bradley knew that a younger employee was hired for the March 2023 promotion in March 2023.   That alone sufficed to place

---

[22]   *Id.* at 5-6.
[23]   *Id.* at 7.
[24]   *Id.* at 5.

her on notice of an ADEA claim. *See Conaway v. Control Data Corp*, 955 F.2d 258, 362 (5th Cir. 1992) ("This court has held that a plaintiff knows enough to support filing a claim when that plaintiff is 'aware that she is being replaced in a position she believes she is able to handle by a person outside the protected age group.'") (quoting *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

That Bradley allegedly thought the decision was unanimous does not alter the analysis. Plaintiff does not allege facts indicating why a unanimous decision would foreclose age discrimination, nor is there basis in law for this to be true. The Amended Complaint fails to plead factual content sufficient to establish the reasonable inferences required for equitable tolling to apply. *See Iqbal*, 556 U.S. at 678. Plaintiff has not plausibly that this is the rare and exceptional case in which equitable tolling should apply. *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 229 (2015).

Dismissal under 12(b)(6) for a time-bar is appropriate when it is evident from the pleadings that the action is time-barred, and plaintiff has presented no basis for tolling. *Jones,* 339 F.3d at 366. Here, it is evident from the pleadings that the action as to the March 2023 promotion is time-barred and Bradley has presented no basis for tolling. The Court grants defendant's partial motion to dismiss the claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this __31st__ day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9